UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISON

| | | |
|---|---|---|
| VICKI BARBERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:1:16-cv-02533 |
| | ) | |
| PEARSON EDUCATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Vicki Barbera ("Barbera"), by counsel, files this Complaint and Demand for Jury Trial against her former employer, Pearson Education, Inc. ("Pearson").

**I.     PARTIES, VENUE, AND JURISDICTION**

1. Beginning on February 6, 1989, Barbera was an "employee" of Pearson as defined by the Civil Rights Act of 1964 § 701, *et seq.*, as amended 42 U.S.C. § 2000e(f) ("Title VII"), until her termination from employment on February 29, 2016.

2. Pearson is an "employer" as defined by Title VII, 42 U.S.C. § 2000e(b).

3. Barbera's position at the time of termination was manager of business analysis at Pearson.

4. Pearson is a foreign corporation incorporated under the laws of the State of Delaware and has its principal place of business in Upper Saddle River, New Jersey. Pearson does business in the State of Indiana and has an office in Indianapolis, Indiana.

5. This Court has original jurisdiction pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3).

6. Barbera is a citizen and resident of Boone County in the State of Indiana.

7. Barbera is female.

8. Venue is proper pursuant to 28 U.S.C. § 1391 in that Pearson is subject to personal jurisdiction in the Southern District of Indiana, Pearson regularly conducts business activities within the Southern District of Indiana, and a substantial part of the events giving rise to the claims occurred in the Southern District of Indiana.

9. Barbera timely filed a Charge of Discrimination against Pearson with the Equal Employment Opportunity Commission ("EEOC") on February 23, 2016, alleging sex discrimination in violation of Title VII of the Civil Rights of 1964, as amended.

10. On or about September 21, 2016, Barbera received from the EEOC a Notice of Right to Sue. This Complaint has been filed within ninety days of Barbera's receipt of the Notice of the Right to Sue.

## II.   FACTUAL ALLEGATIONS

11. Barbera hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

12. Barbera is a member of the protected class of individuals in that she is female.

13. Barbera was continuously employed by Pearson from February 6, 1989, to February 29, 2016.

14. On January 12, 2016, Pearson announced that a third party logistics outsourcing deal would be implemented with R.R. Donnelley, effective February 29, 2016.

15. Pearson created an Information Technology position related to the outsourcing transition to R.R. Donnelly for which Barbera was well qualified.

16. Pearson passed over Barbera for the Information Technology position and instead placed a male who used to report to Barbera and who had less project management experience than Barbera in the position.

17. On February 29, 2016, Pearson removed Barbera from its payroll and benefits plans.

18. By removing Barbera from its payroll and benefits plans, Pearson terminated her twenty-seven year employment without cause.

19. Pearson's actions on February 29, 2016, with regard to Barbera's employment constituted a "termination" from employment at Pearson, triggering a mandatory payout of deferred compensation to Barbera, and creating substantial income tax liability for Barbera.

20. Barbera sought severance benefits pursuant to the Pearson Education Severance Policy.

21. Pearson refused to pay Barbera severance, claiming that her separation did not trigger severance pay under the policy.

22. The severance pay policy states that "Only full-time and short-hour Pearson Education, NCS Pearson employees whose employment is involuntarily terminated for reasons other than cause (as defined below) are eligible to receive severance pay."

23. Pearson has paid severance pay under the Pearson Education Severance Policy to multiple male Pearson employees in Indianapolis who voluntarily resigned from Pearson to accept other jobs.

### III. LEGAL ALLEGATIONS

### COUNT I: Sex Discrimination in Employment, Title VII

24. Barbera hereby incorporates by reference the other paragraphs of this Complaint as if fully set forth here.

25. Barbera is female and a member of a protected class.

26. Pearson knew that Barbera was a member of a protected class.

27. Barbera suffered an adverse employment action when Pearson terminated her employment without cause.

28. Barbera suffered an adverse employment action when Pearson refused to pay her severance under the in accordance with the severance pay policy.

29. In terminating Barbera's employment, Pearson treated Barbera differently, and to her detriment, as compared to similarly situated male employees.

30. In denying Barbera's request for severance pay, Pearson treated Barbera differently, and to her detriment, as compared to similarly situated male employees.

31. There is a causal connection between Barbera's sex and Pearson's failure to pay her severance pay.

32. There is a causal connection between Barbera's sex and Pearson's termination decisions, including but not limited to denying her the Information Technology contact position.

33. Barbera suffered damages as a result of Pearson's gender discrimination, including but not limited to loss of salary, employer provided benefits, bonuses, severance pay, and income tax liability.

### IV. RELIEF REQUESTED

Barbera requests the following relief:

a. All wages and other economic benefits lost as a result of Pearson's unlawful actions, including, but not limited to, back pay, front pay, employment related fringe benefits, and loss of future earning capacity;

b. Severance pay and benefits;

c. Damages to compensate for income tax liability caused by Pearson;

d. Compensatory damages;

e. Damages to compensate Barbera for mental anguish and emotional distress;

f. Liquidated damages and/or punitive damages;

g. All costs and reasonable attorneys' fees incurred in litigating this action;

h. Pre-judgment and post-judgment interest; and

i. Any and all other legal and/or equitable relief to which Barbera is entitled.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney (#18604-49)
DeLaney & DeLaney LLC
3646 Washington Blvd.
Indianapolis, IN 46205

## **JURY DEMAND**

Plaintiff, Vicki Barbera, by counsel, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney (#18604-49)
DELANEY & DELANEY LLC
3646 Washington Blvd.
Indianapolis, IN 46205